CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
01/23/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

HANOVER INSURANCE CO.,

    *Plaintiff*,

v.

CASTLE HILL STUDIOS, LLC, *ET AL.*,

    *Defendant.*

CASE NO. 3:18-cv-00072

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

    This matter is before the Court upon a motion to dismiss or, in the alternative, stay filed by Defendants Castle Hill Studios, LLC, Castle Hill Holding, LLC, and Ironworks Development, LLC (collectively, "Castle Hill"). (Dkt. 27). Plaintiff Hanover Insurance Company ("Hanover") filed an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to resolve questions in controversy regarding Hanover's obligations under insurance policies issued by Hanover to Castle Hill. Castle Hill moved to dismiss under Fed. R. Civ. P. 12(b)(1), arguing that this case is not yet ripe for adjudication under Article III because an underlying action remains pending in the Northern District of Oklahoma. In the alternative, Castle Hill seeks an order staying or dismissing this case without prejudice pending resolution of the underlying action. The parties have subsequently agreed to stay all issues in this case except one: whether Hanover must indemnify Castle Hill under three primary businessowners policies or whether exclusions for "personal and advertising injuries" apply.

    The Court concludes that the question of Hanover's duty to indemnify Castle Hill under the businessowners policies is ripe for adjudication. Castle Hill's motion to dismiss will thus be denied. Finding no good cause to do so, the Court will further deny Castle Hill's request to stay this issue or dismiss the case without prejudice pending resolution of the underlying action.

1

## I.      LEGAL STANDARD & DECLARATORY JUDGMENT ACT

The Court first outlines the applicable standard of review and summarizes relevant portions of the Declaratory Judgment Act.

### A.      Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) tests a district court's subject matter jurisdiction. "The doctrine of constitutional standing arises from the case or controversy requirement of Article III, and is a jurisdictional inquiry regarding the power of the courts to adjudicate a litigant's claim." *L-3 Communications Corp. v. Serco, Inc.*, 673 F. App'x 284, 288 (4th Cir. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992)). The doctrine of ripeness is a component of Article III's case or controversy requirement. A case is generally ripe and "fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013). A claim should generally be dismissed for lack of ripeness "if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Id*.

### B.      Declaratory Judgment Act

The Declaratory Judgment Act provides that in cases within a district court's jurisdiction, the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Federal courts can exercise jurisdiction in declaratory actions "when three essentials are met: (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for jurisdiction over the parties (*e.g.*, federal question or diversity jurisdiction); and (3) the court

does not abuse its discretion in its exercise of jurisdiction."[1] *Volvo Const. Equipment N. Am., Inc. v. CLM Equipment Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (internal quotations omitted). However, even if a district court possesses jurisdiction, "it may nonetheless, in the exercise of its discretion, decline to entertain the action." *Id*. at 594. *See also Hopeman Bros., Inc. v. Cont'l Cas. Co.*, 307 F.Supp.3d 433, 441 (E.D. Va. 2018) (noting that district courts have "unique and substantial discretion in deciding whether to declare the rights of litigants" in declaratory suits). But a district court may only refuse to entertain a declaratory judgment action "for good cause." *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375 (4th Cir. 1994).

In considering whether to issue a declaratory judgment, a district court should consider (1) whether "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) whether the judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Travelers Indem. Co. v. Miller Bldg. Corp.*, 221 F. App'x 265, 267 (4th Cir. 2007) (quoting *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996)). A declaratory judgment is generally not warranted "where it is used to try a controversy by piecemeal, or to try particular issues without settling the entire controversy." *Centennial Life Ins. Co.*, 88 F.3d at 256. "It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998).

Declaratory actions must satisfy Article III's ripeness requirement. *MedImmune, Inc. v.*

---

[1] Castle Hill makes no argument that this Court lacks an independent basis for subject matter jurisdiction, as it is undisputed that the Court can exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332, or that the Court would abuse its discretion by exercising jurisdiction over this action. Rather, Castle Hill's argument is that there is no "actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Volvo Const. Equipment N. Am., Inc. v. CLM Equipment Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (internal quotations omitted).

*Genentech, Inc.*, 549 U.S. 118, 127 (2007). A declaratory action is ripe if the dispute it presents is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id*. "[T]he question in each case is whether the facts alleged under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*.

## II. FACTS AS ALLEGED

From 2014 to 2017, Hanover Insurance issued various insurance policies to Castle Hill, a company that designs and sells slot games to Native American tribal casinos across the United States. (Complaint ¶ 9). Under these policies,[2] Hanover insured Castle Hill via primary businessowners policies with collective coverage limits of $3,000,000 and, starting in 2015, via umbrella policies with collective coverage limits of $3,000,000. (*Id*. ¶ 9(a)-(d); dkt. 28 at 3).

In August 2017, Video Gaming Technologies, a competitor of Castle Hill, sued Castle Hill in the Northern District of Oklahoma for, among other claims, trademark and trade dress infringement[3] stemming from "class II bingo-based games" developed by Castle Hill with features closely resembling games produced by Video Game Technologies. (Complaint ¶¶ 10–15). Castle Hill tendered this action (hereinafter, the "Underlying Action") to Hanover for defense and indemnity. Hanover Insurance is defending Castle Hill in the Underlying Action under a reservation of rights but believes "that the losses alleged in the Underlying Action are excluded under the [b]usinessowners liability coverage." (*Id*. ¶ 16). Since the Underlying Action remains pending, Hanover's obligations to indemnify Castle Hill have not been, and may

---

[2] Hanover Insurance attached the 2014, 2015, 2016, and 2017 policies to the complaint.

[3] Video Game Technologies brought these claims under the Lanham Act, Oklahoma Deceptive Practices Act, and Oklahoma Uniform Trade Secrets Act, in addition to common law claims of trademark infringement and misappropriation of confidential business information. (Dkt. 1-7).

4

never be, triggered. However, Hanover alleges that Castle Hill "has demanded that Hanover make $7,000,000 available for settlement, consisting of its three primary and umbrella policies' limits," plus another $1,000,000 under a policy not at issue here. (Dkt. 28 at 4).

Hanover filed this declaratory judgment action pursuant to 28 USC § 2201(a), seeking (1) a declaration that Hanover owes no duty to defend or indemnify Castle Hill in the Underlying Action under the primary businessowners policies because these policies exempt from coverage "personal and advertising injuries" sustained by "infringing upon another's copyright" or "trade dress"; and (2) a declaration that Hanover owes no duty to indemnify Castle Hill in the Underlying Action under the umbrella policies because these policies exempt from coverage, among other things, "knowing violations of [the] rights of another" and "infringement of copyright, patent, [or] trademark." (Complaint ¶¶ 24–32). Castle Hill moved to dismiss under Fed. R. Civ. P. 12(b)(1),[4] arguing this matter is not ripe for adjudication because the Underlying Action has not been resolved, and thus it is not clear whether Hanover will ever have to indemnify Castle Hill. In the alternative, even if the Court concludes that this action is technically ripe, Castle Hill asks the Court to stay or dismiss the action pending resolution of the Underlying Action.

The parties have agreed to stay all matters pending resolution of the Underlying Action with a single exception: the question whether Hanover must indemnify Castle Hill under the primary businessowners policies or whether those policies' exclusion for "personal and advertising injuries" applies. Accordingly, this opinion addresses only whether this action should be dismissed or stayed with respect to this question.

---

[4] Video Gaming Technologies is also a defendant in this suit but did not join Castle Hill's motion to dismiss.

## III. ANALYSIS

Castle Hill moves to dismiss this action under Fed. R. Civ. P. 12(b)(1) on ripeness grounds or, in the alternative, to stay or dismiss this action without prejudice pursuant to this Court's broad discretion regarding declaratory judgment actions. The Court will address each of these issues in turn.

### A. Rule 12(b)(1) – Whether this Suit is Ripe for Adjudication

Hanover seeks a declaration that it has no duty to indemnify Castle Hill in the Underlying Action under the businessowners policies. Hanover contends it has no such duty because the businessowners policies exclude losses from "personal and advertising injury" resulting from infringement "upon another's copyright, trade dress or slogan" in an "advertisement"—losses Hanover contends are alleged in the Underlying Action. (Complaint ¶¶ 20–23). Castle Hill argues that this issue is not ripe for adjudication under Article III because the Underlying Action is still pending, "indemnification has not been triggered," and Hanover thus "may never need to indemnify Castle Hill." (Dkt. 27 at 2, 4–5 (citing *Texas v. United States*, 523 U.S. 296, 300 (1996) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."))). Hanover argues that this issue is ripe for adjudication because Castle Hill "has demanded that Hanover make $7,000,000 available for settlement, consisting [in part] of its three primary and umbrella policies' limits," and because the parties actively dispute "coverage under the primary policies and the application of the various exclusions." (Dkt. 28 at 4).

The Court concludes that the question of Hanover's duty to indemnify Castle Hill under the businessowners policies is ripe under Article III. There is presently a "definite and concrete" dispute over this question between two "parties having adverse legal interests." *MedImmune,*

*Inc.*, 549 U.S. at 127. Moreover, this dispute is presently "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. Settlement negotiations are presently underway in the Underlying Action, and Castle Hill has demanded that Hanover set aside $7,000,000 for settlement, $3,000,000 of which is comprised of the businessowners policies coverage limits. That the Underlying Action remains pending is not alone sufficient reason to warrant dismissal on ripeness grounds. The Fourth Circuit has "frequently approved the use of federal declaratory judgment actions to resolve disputes over liability insurance coverage, even in advance of a judgment against the insured on the underlying claim for which coverage is sought." *Nautilus,* 15 F.3d at 375–76. The Supreme Court has also historically approved of declaratory judgment actions by insurers where related underlying litigation remains pending. *See Md. Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) (finding Article III's case-or-controversy requirement satisfied in federal declaratory action over insurer's duty to indemnify where underlying tort action remained pending in state court).

In sum, the Court finds that the issue of Hanover's duty to indemnify Castle Hill under the businessowners policies is ripe under Article III. Castle Hill's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will therefore be denied.

    **B.**    **Castle Hill's Motion in the Alternative to Stay or Dismiss Without Prejudice**

Castle Hill argues that even if this declaratory action is ripe under Article III, the Court should nonetheless exercise its discretion to stay the case or dismiss it without prejudice until the conclusion of the Underlying Action. (Dkt. 27 at 6). The Court should take this action, Castle Hill contends, because "whether there is coverage under the policies depends on the facts of the underlying case, which have not been decided" and because litigating a "dispute that could likely turn out to be completely unnecessary" places a "great burden" on the Court's resources. (*Id*. at

8–9). Hanover argues that the Court need not wait for any findings of fact in the Underlying Action before deciding whether Hanover must indemnify Castle Hill under the businessowners policies. Rather, Hanover asserts, the Court need only examine the text of the businessowners policies and the underlying complaint to determine whether those policies' exclusions for "personal and advertising injuries" apply.[5]

A district court has "wide discretion" in deciding whether to stay a declaratory suit pending resolution of an underlying action. *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255 (4th Cir. 1996). *See also Wilton v. Seven Falls Co*., 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."). A district court may grant a discretionary stay "if, upon balancing the competing interests, the Court determines that the moving party has justified the stay request by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Penn. Mfrs. Indem. Co. v. Air Power, Inc*., No. 1:13-cv-217, 2014 WL 1513966, at *8 (M.D. N.C. April 16, 2014) (quoting *Williford v. Armstrong World Indus., Inc*., 715 F.2d 124, 127 (4th Cir. 1983)). In deciding whether to stay a declaratory action, a district court should consider whether "necessary facts will remain in dispute as to the duty to indemnify until the underlying litigation is resolved," *id*. at 9, "considerations of practicality and wise judicial

---

[5] Hanover argues that the Court should decline to stay the case because the "*Nautilus* factors are not met." (Dkt. 28 at 10). This argument fails, as the *Nautilus* factors do not apply here. In *Nautilus Ins. Co. v Winchester Homes, Inc*., 15 F.3d 371, 375 (4th Cir. 1994), the Fourth Circuit articulated four factors district courts should analyze when deciding whether to abstain from entertaining a declaratory action where the underlying litigation remains pending. But the "*Nautilus* factors that Plaintiff attempts to apply . . . only apply where the underlying action is pending in *state* court." *Penn. Mfrs. Indem. Co. v. Air Power, Inc*., No. 1:13-cv-217, 2014 WL 1513966, at *7 (M.D. N.C. April 16, 2014) (emphasis in original). Here, the Underlying Action is pending in federal court.

administration," *Wilton*, 515 U.S. at 288, and the need to "prevent piecemeal litigation." *Liberty Mutual Fire Ins. Co. v. Lumber Liquidators, Inc.*, No. 4:15-cv-34, 2015 WL 12803126, at *5 (E.D. Va. Sept. 4, 2015).

With respect to an insurance company's duty to indemnify, district courts sometimes stay declaratory actions pending resolution of underlying litigation, particularly where the court must "await the ultimate factual findings" in the underlying litigation. *Builders Mut. Ins. Co. v. Futura Group, LLC*, 779 F.Supp.2d 529, 535 (E.D. Va. 2011). "Waiting to decide the scope of indemnification is not, however, a hard and fast rule, and there may indeed be circumstances where the issues in the case . . . along with interests in judicial economy, present a situation where the court can materially advance the litigation by deciding the legal outlines of coverage prior to the completion of litigation over particular items of damage." *Travelers Indem. Co. v. Miller Bldg. Corp.*, 221 F. App'x 265, 268 (4th Cir. 2007).

Here, the Court finds no reason to stay resolution of Hanover's duty to indemnify under the businessowners policies. To effectively proceed in the ongoing settlement negotiations in the Underlying Action, Hanover needs to know its policy limits, and Castle Hill has not presented "clear and convincing circumstances" that outweigh Hanover's interest in determining those limits with respect to the businessowners policies. *Penn. Mfrs. Indem. Co.,* 2014 WL 1513966 at *8. Moreover, by Castle Hill's own admission at oral argument, the Court need not await the resolution of any "necessary facts" in the Underlying Action to decide whether Hanover must indemnify Castle Hill under the businessowners policies. *Id*. at *9. Castle Hill effectively conceded at oral argument that to resolve Hanover's duties under the businessowners policies, the Court need only look to the four corners of the policies and the underlying complaint. Castle Hill's primary argument in favor of a stay is that the Court will need to evaluate all of the

9

policies and accompanying "endorsements" to determine the scope and applicability of the businessowners policies' exclusion for personal and advertising injuries. This context is critical, Castle Hill argues, because the exclusion for personal and advertising injuries is inconsistent with endorsements and other policy provisions promising this type of coverage. Although it may well be true that the Court will need to evaluate the businessowners policies in the context of the policies in their entirety, there is nothing unusual about this holistic approach to contract interpretation, and this fact alone does not outweigh Hanover's interest in determining its coverage limits under the businessowners policies.

In sum, the Court will decline to stay or dismiss this action without prejudice pending resolution of the Underlying Action. Castle Hill's motion in the alternative to stay or dismiss this action will therefore be denied.

### IV. CONCLUSION

For the foregoing reasons, Castle Hill's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, to stay or dismiss this action without prejudice pending resolution of the Underlying Action, (dkt. 27), will be denied. An accompanying order will issue.

Entered this 23rd day of January, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE